**596**

JEFFERSON CONSTRUCTION
COMPANY, Appellant,

v.

GOODYEAR TIRE AND RUBBER
COMPANY, Appellee.

No. 7950.

Court of Civil Appeals of Texas.

May 26, 1977.

Rehearing Denied June 16, 1977.

Kyle Wheelus, Jr., Beaumont, for appellant.

William B. Coffey, Jr., Beaumont, for appellee.

STEPHENSON, Justice.

This is an action for indemnity and/or contribution. Trial was before the court, and judgment rendered allowing full indemnity.

Jose Negrete, an employee of Jefferson Construction Company (Jefferson), was injured while working on the premises of Goodyear Tire and Rubber Company (Goodyear). Negrete was paid his workman's compensation and then filed an action for damages against Goodyear. The allegations in his petition included the failure to furnish him a safe place to work. Goodyear filed this third party action against Jefferson, settled with Negrete, and amended its pleadings against Jefferson to recover the amount of the settlement with Negrete.

The allegations of negligence in Negrete's petition on the part of Goodyear were, in brief, as follows: Plaintiff, a pipefitter, while cutting a pipe with an acetylene torch, bumped a quick opening valve causing it to open and allow a highly flammable liquid to pour over Negrete's body and catch fire. The allowance by Goodyear for the valve to be located on a line used for flammable liquid was negligence per se. Goodyear's allowing flammable liquid to remain in the pipes in the vicinity of Neg-

rete's work was negligence per se. It is noted these allegations of acts of negligence were solely on the part of Goodyear, and not jointly with Jefferson.

The undisputed evidence shows: Jefferson had been doing maintenance work for Goodyear since 1961. From that date through December 8, 1972 (date of Negrete's injury), Goodyear had issued monthly purchase orders to cover such work. The indemnity provision sued upon was contained in the purchase order dated November 29, 1972. Such purchase orders were the contracts between these parties and were mailed by Goodyear to Jefferson who would continue to work on the old monthly purchase order until the new one was received. The purchase orders are printed forms, apparently designed primarily for the purchase of goods. On the front page of the purchase order made the basis of this suit is a space into which is typed:

"Furnish supplemental maintenance labor for the month of December, 1972 as required by our Engineering Department, on the following basis: PRICE BASIS."

Then typed into the purchase order are twelve items marked from A-L indicating how the amount of money to be due would be arrived at. The end result is that Jefferson is paid on a cost-plus basis. On the reverse side of the first page purchase order are twenty-one paragraphs in fine print under the heading "Terms and Contributions". Paragraph 13(f) of such purchase order reads as follows:

"To the extent that this Purchase Order provides that Seller will indemnify, save harmless and defend Purchaser from liability, claims, demands or suits, it is the intention of Seller that such indemnity shall apply whether or not the liability, claims, demands or suits arise from the negligence of Purchaser."

There is a second sheet to the purchase order made the basis of this suit which is the identical printed form as the first sheet. On the second sheet there are five paragraphs typed into the empty space, the fifth paragraph reading as follows:

"Contractor to carry public liability insurance with limits $500,000/$1,000,000 and property damage insurance with limit $100,000 including contractual coverage with respect to the 'hold harmless' provisions of the terms and conditions of this purchase order, and must furnish purchaser acceptable evidence thereof before commencing work hereunder."

Jefferson's two primary contentions on this appeal are that, first, the intention to indemnify Goodyear against the consequences of its own negligence are not clearly expressed in unequivocal terms and, second, that the indemnity provision does not give Jefferson fair notice that such was the import of such a provision. We do not find it necessary to pass upon the first contention made by Jefferson in view of the conclusion we have reached as to the second contention.

The Supreme Court of Texas in *Joe Adams & Son v. McCann Construction Company*, 475 S.W.2d 721, 723 (Tex.1971), makes this statement:

"Texas follows the general rule that an indemnity agreement will not protect the indemnitee against the consequences of his own negligence unless the obligation is expressed in unequivocal terms. It is not necessary for the parties to say, in so many words, that they intend to save the indemnitee harmless from liability for his own wrongs, *but it is necessary for that intention to clearly appear when all the provisions of the contract are considered in the light of the circumstances surrounding its execution.*" (Emphasis ours)

See also, *Fireman's Fund Ins. Co. v. Commercial Stand. Ins. Co.*, 490 S.W.2d 818, 822–823 (Tex.1972) in which the above rule was reaffirmed.

All of the circumstances surrounding the use of this particular purchase order must be examined and considered. Goodyear and Jefferson had been doing business through the use of a monthly purchase order for about eleven years at the time of this accident. Of the 115 purchase orders that had been used, only the last eight contained paragraph 13(f). That paragraph was inserted in the purchase order without negoti-

ations, notice, warning, or knowledge. Nothing was said about a new form being used, and the appearance of the front side of the purchase order was not changed. There is no evidence that anyone connected with Goodyear ever informed anyone connected with Jefferson that the new paragraph had been inserted. We are of the opinion and hold that Jefferson was not given fair notice that the purchase order contained the provision for indemnity.

In *K & S Oil Well Service, Inc. v. Cabot Corporation, Inc.*, 491 S.W.2d 733 (Tex.Civ. App.—Corpus Christi 1973, writ ref'd n.r.e.), that court dealt with a situation much like the one before us. A sales order was the instrument relied upon. That court found the indemnity provision to be hidden under a heading "Terms and Conditions" surrounded by completely unrelated terms. That court held the sales order was not conspicuous as a matter of law and did not import fair notice to the indemnitor. See also, *Rourke v. Garza*, 511 S.W.2d 331 (Tex. Civ.App.—Houston [1st Dist.] 1974, affirmed, 530 S.W.2d 794 (Tex.1975).

The judgment of the trial court is reversed, and judgment is rendered that Goodyear take nothing from Jefferson.

REVERSED and RENDERED.